FILED
JUN 29 2012

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN WEVERKA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>PROGRESSIVE NORTHERN INSURANCE COMPANY,<br><br>　　　　　Defendant. | CIV. #12-4121<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, John Weverka, by and through his counsel of record, and for his causes of action against the Defendant, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a diversity suit to recover underinsured motorist coverage (UIM) brought by Plaintiff John Weverka against Defendant Progressive Northern Insurance Company ("Progressive"). Weverka was severely and permanently injured in an automobile/motorcycle accident. His damages exceed the minimal limits available on the policy of the tortfeasor and vehicle responsible for the accident, and now seeks to be made whole pursuant to the underinsurance coverage available to him as an insured under his policy with Progressive.

## PARTIES

1. Plaintiff John Weverka is a citizen of the State of South Dakota and resident of Brookings County.

2. Upon information and belief, Defendant Progressive is a corporation duly organized and existing under the laws of the State of Ohio, with a principal place of business

located at 6300 Wilson Mills Road, W33, Mayfield Village, Ohio 44143-2182, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

## JURISDICTION AND VENUE

3. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

4. A substantial part of the events giving rise to this action occurred in South Dakota, and thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

5. Defendant provided motorcycle coverage to the Plaintiff pursuant to an insurance policy issued as Policy Number 57661193-0 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective and in force during the relevant dates in this matter.

6. The Plaintiff was an insured under the Policy, which provided underinsurance coverage up to a limit of Two Hundred Fifty Thousand Dollars ($250,000). *See* Exhibit A.

7. On June 7, 2011, while the Policy was in force, the Plaintiff was severely and permanently injured in an automobile/motorcycle accident. *See* Exhibit B. To date, the Plaintiff has incurred medical bills in excess of $61,000 and lost earnings estimated in excess of $14,000. The accident and the Plaintiff's resulting injuries and other damages were the fault of Darlene Kuhnel. The collision between Kuhnel's rental vehicle and the Plaintiff's motorcycle was solely and proximately caused by Kuhnel's negligence.

8. The tortfeasor and the rental vehicle that she was driving were underinsured. The insurer for the rental vehicle, Budget Truck Rental, L.L.C., tendered a liability insurance payment in the amount of $25,000 to the Plaintiff. Kuhnel, by and through her personal insurer, DeSmet Insurance Company of South Dakota, tendered a liability insurance payment in the

amount of $100,000 to the Plaintiff. These payments were substantially less than any amount reasonably necessary to compensate the Plaintiff for his injuries and other damages sustained in the accident.

9. Pursuant to the procedure detailed in *Schmidt v. Clothier*, 338 N.W.2d 356 (Minn. 1983), the Defendant was placed on notice of the tender of limits and was offered the opportunity substitute its own draft. The Defendant declined and waived the opportunity to substitute its draft or object to the settlement.

10. On or about June 19, 2012, the Plaintiff accepted the $25,000 on the Budget policy covering the rental vehicle and entered into a Release. *See* Exhibit C.

11. On or about June 28, 2012, the Plaintiff accepted the $100,000 on Kuhnel's personal liability policy covering the tortfeasor and her vehicle and entered into a Release. *See* Exhibit D.

12. The payments received from the policy covering the rental vehicle and tortfeasor pursuant to the Releases do not come close to fully compensating the Plaintiff for his serious and permanent injuries and other damages that he suffered in the automobile/motorcycle accident caused by the tortfeasor's negligence.

13. Plaintiff thereafter sought recovery of UIM benefits from the Defendant for Plaintiff's uncompensated damages, in accordance with the terms of the Policy, and the Defendant wrongfully refused and still refuses payment of the same, which is a direct violation of SDCL § 58-33-67.

## COUNT ONE
### (Breach of Contract)

14. Plaintiff hereby realleges paragraphs 1-13 and all previous paragraphs and incorporates them as though fully set forth herein.

15. By virtue of its Policy of insurance in effect on June 7, 2011, and Plaintiff's status as an insured under the Policy, Defendant is contractually obligated to pay Plaintiff underinsured motorist benefits as a result of the automobile accident caused by the tortfeasor that occurred on June 7, 2011.

16. Defendant breached its duty to pay Plaintiff underinsured motorist benefits pursuant to the Policy.

17. Defendant's breach of its duties under the Policy has resulted in substantial damages to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

(1) For Plaintiff's compensatory, general, punitive and special damages in an amount that the jury deems just and proper under the circumstances;

(2) For Plaintiff's costs and disbursements herein;

(3) For Plaintiff's attorneys' fees pursuant to SDCL § 58-12-3.

(4) For prejudgment and post-judgment interest; and

(5) For such other and further relief as the Court determines to be just and proper.

Dated this 29th day of June, 2012.

JOHNSON, HEIDEPRIEM
& ABDALLAH, L.L.P.

BY /s/
Scott A. Abdallah (sabdallah@jhalawfirm.com)
Shannon R. Falon (shannon@jhalwfirm.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

4

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Scott A. Abdallah
Shannon R. Falon